## IN THE UNITED STATES DISTRICT COURT
## OF DELAWARE

| | | |
|---|---|---|
| INTERNET MEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| vs. | ) | |
| | ) | |
| HEARST NEWSPAPERS, LLC d/b/a | ) | **JURY TRIAL DEMANDED** |
| HOUSTON CHRONICLE & HOUSTON | ) | |
| CHRONICLE PUBLISHING COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Internet Media Corporation ("Internet Media") makes the following claims for relief against Defendant, Hearst Newspapers, LLC d/b/a Houston Chronicle and Houston Chronicle Publishing Company ("Defendant") as follows:

## NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq.  This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES AND PATENT

2.      Plaintiff Internet Media is a Virginia corporation with its principal place of business at 200 Winchester Street, Warrenton, VA 20186.  Internet Media owns and has all right, title and interest in United States Patent No. 6,049,835 ("the '835 Patent"), entitled "System For Providing Easy Access To The World Wide Web Utilizing A Published List Of Preselected Internet Locations Together With Their Unique Multi-Digit Jump Codes," which issued on April 11, 2000.  Hence, Internet Media has the exclusive right to license and enforce the '835 Patent

and to collect damages for infringement.  Internet Media, thus, has standing to sue for infringement of the '835 Patent.  A copy of the '835 Patent is attached as Exhibit A.  The '835 Patent is generally directed to a system and method for quickly and easily accessing preselected desired addresses or URLs on the Internet.

3.      The Houston Chronicle Publishing Company and Houston Chronicle ("Houston Chronicle") are divisions of Hearst Newspapers, LLC ("Hearst").  Hearst Newspapers, LLC is a Delaware limited liability corporation with its principal place of business at 959 8th Avenue, New York, NY 10019, and is doing business as the Houston Chronicle Publishing Company and the Houston Chronicle in the State of Texas.

4.      Hearst registered to do business under the assumed names Houston Chronicle Publishing Company and Houston Chronicle with the Texas Secretary of State on August 13, 2007.      Hearst owns, provides and operates the websites www.chron.com and www.mysanantonio.com and also owns, provides, operates and distributes the print newspapers, *The Houston Chronicle* and the *San Antonio-Express.*

5.      This Court has personal jurisdiction over Hearst because it is a Delaware limited liability corporation that is incorporated in Delaware.

## VENUE

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), 1391(c) and 1400(b).

## DEFENDANT'S ACTS OF PATENT INFRINGEMENT

7.      Defendant has infringed and continues to infringe at least Claim 1 of the '835 Patent through among other activities, the manufacture, use, sale, and offer for sale of its infringing WebID system.  Such infringing activities have occurred at least by the manufacture,

use, sale, and offer for sale of its infringing WebID system through its newspaper *The Houston Chronicle* and its website www.chron.com, which incorporate at least the invention of Claim 1.

8.    Defendant's infringement has injured Internet Media.   Accordingly, Internet Media is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

9.    Defendant's infringement has injured and will continue to injure Internet Media, unless and until this Court enters an injunction prohibiting further infringement of the '835 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Internet Media asks this Court to enter judgment against Defendant and against Defendant's subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.    An award of damages adequate to compensate Internet Media for the infringement that has occurred, together with prejudgment interest from the date infringement of the '835 Patent began;

B.    An award to Internet Media of all remedies available under 35 U.S.C. § 284;

C.    An award to Internet Media of all remedies available under 35 U.S.C. § 285;

D.    A permanent injunction under 35 U.S.C. § 283 prohibiting further infringement, inducement and contributory infringement of the '835 Patent; and,

E.    Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Internet Media demands a trial by jury on all issues so triable.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

DATED:  August 16, 2010

Karen L. Pascale (#2903)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kpascale@ycst.com

*Of Counsel:*

Timothy J. Haller [haller@nshn.com]
Anna B. Folgers [afolgers@nshn.com]
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

*Attorneys for Plaintiff,*
*Internet Media Corporation*