IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNET MEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-690-SLR |
| | ) | |
| HEARST NEWSPAPERS, LLC d/b/a | ) | |
| HOUSTON CHRONICLE & HOUSTON | ) | |
| CHRONICLE PUBLISHING COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF**
**<u>DEFENDANT'S MOTION TO DISMISS</u>**

*Of Counsel*:

Ravi V. Sitwala
The Hearst Corporation
Office of General Counsel
300 West 57th Street
New York, New York 10019

Eugene M. Gelernter
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

Dated: December 7, 2010

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
Lauren E. Maguire (#4261)
Caroline Hong (I.D. #5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
chong@ashby-geddes.com

*Attorneys for Defendant*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

FACTS ........................................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*,
  521 F.3d 1328 (Fed. Cir. 2008) ................................................................................ 3, 4, 5, 6

*Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371 (Fed. Cir. 2009) .................................. 3, 6

*Edward Lifesciences LLC v. Cook Inc.*, 582 F.3d 1322 (Fed. Cir. 2009) ...................................... 5

*Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323 (Fed. Cir. 2008) ....................................... 6

*Flash Seats, LLC v. Paciolan, Inc.*, No. 07-575-JJF,
  2010 WL 184080 (D. Del. Jan. 19, 2010) ............................................................................. 7

*Hedges v. United States*, 404 F.3d 744 (3d Cir. 2005) ................................................................. 3

*Inventio AG v. ThyssenKrupp Elevator Ams. Corp.*,
  718 F. Supp. 2d 529 (D. Del. June 15, 2010) ...................................................................... 7

*Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359 (Fed. Cir. 2008) ..................................... 5, 6

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
  998 F.2d 1192 (3d Cir. 1993) ................................................................................................ 3

*Ultramercial, LLC v. Hulu, LLC*, No. CV 09-06918 RGK,
  2010 WL 3360098 (C.D. Cal. Aug. 13, 2010) ...................................................................... 3

*Voter Verified, Inc. v. Election Sys. & Software, Inc.*,
  No. 6:09-cv-1969-Orl-19KRS, 2010 WL 3894054 (M.D. Fla. Sept. 29, 2010) ..................... 7

## STATUTES AND RULES

35 U.S.C. § 112 ............................................................................................................................ 3

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 1

Defendant Hearst Newspapers, LLC d/b/a The Houston Chronicle & Houston Chronicle Publishing Company (the "Chronicle") respectfully submits this brief in support of its motion to dismiss the Complaint filed by Plaintiff Internet Media Corporation ("IMC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This case involves a patent that is invalid on its face. While Defendant is mindful that most patent defenses are not susceptible to resolution on a motion to dismiss, the indefiniteness defect with the patent at issue is uniquely suited for such resolution as no facts beyond the language of the patent itself are material or relevant. Under clear Federal Circuit precedent, where the claims of a patent include means-plus-function limitations relating to the use of computers, the specification ***must*** disclose an algorithm by which the computer performs the recited function. If no algorithm is disclosed, the claims are invalid under controlling law.

The sole question presented by this motion is whether the specification of the patent at issue discloses an algorithm corresponding to its means-plus-function limitations. Because there is no disclosure of any algorithm anywhere in the patent, the claims are invalid and the case should be dismissed. Resolution of this issue at the outset of the case could save the parties and the Court significant time and resources.

## FACTS

IMC filed this patent-infringement suit on August 16, 2010, naming the Chronicle as the sole defendant. IMC alleges that the Chronicle is infringing "at least Claim 1" of U.S. Patent No. 6,049,835 (the "Patent" or the "'835 Patent"). D.I. 1 at ¶ 7.

IMC previously asserted the '835 Patent in another case in this Court, captioned *Internet Media Corp. v. Dell, Inc.*, No. 05-cv-633-SLR (D. Del.). As this Court stated in its claim construction decision in the previous case, "the point of the invention is to allow users of the

Web to browse the Web without having to use any URLs except that of the specialized Web site [where codes corresponding to other Web sites may be used to get to those Web sites]." D.I. 175 at 3 in *Internet Media Corp. v. Dell, Inc.*, No. 05-cv-633-SLR (D. Del. Jan. 14, 2009).

The Patent contains two independent claims (claims 1 and 11) and 18 dependent claims. Both independent claims contain a means-plus-function limitation reciting a "means for capturing a desired multi-digit jump code assigned to [a] preselected Internet location …." Patent, Claims 1, 11.  Claim 1 – the only claim cited in the Complaint – includes additional means-plus-function limitations reciting a "means for accessing said predetermined published Internet location", a "means for receiving said desired multi-digit jump code from said means for capturing" and a "means for converting said received multi-digit jump code to a URL address corresponding to said desired preselected Internet location."

The specification of the '835 Patent does not disclose any algorithm.  Nor does it disclose any algorithm as the means for performing any of the functions recited in the independent claims.

## ARGUMENT

A long line of Federal Circuit cases has made clear that mean-plus-function claiming for computer-related patents must be accompanied by disclosures in the patent specifications of particular algorithms by which the functions are performed in order to survive an indefiniteness challenge.  Here, all of the claims of the asserted Patent contain means-plus-function limitations without any corresponding algorithm disclosed in the specification.  The claims are therefore invalid on their face as a matter of law.

"In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law." *Hedges v. United States*, 404

F.3d 744, 750 (3d Cir. 2005) (citation and quotations omitted). In deciding a motion to dismiss under Rule 12(b)(6), the Court may consider exhibits to the complaint, matters of public record, and undisputedly authentic documents on which the complaint is based. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Accordingly, in a patent case, if the patent is invalid on its face, a motion to dismiss should be granted. *See, e.g., Ultramercial, LLC v. Hulu, LLC*, No. CV 09-06918 RGK, 2010 WL 3360098 (C.D. Cal. Aug. 13, 2010).

Pursuant to 35 U.S.C. § 112 ¶ 6, "[a]n element in a claim . . . may be expressed as a means . . . for performing a specified function . . . and such claim shall be construed to cover the corresponding structure . . . described in the specification and equivalents thereof." "It is well settled that if one employs means-plus-function language in a claim, one must set forth in the specification an adequate disclosure showing what is meant by that language." *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1382 (Fed. Cir. 2009) (citation and quotations omitted). "If the specification does not contain an adequate disclosure of the structure that corresponds to the claimed function, the patentee will have failed to particularly point out and distinctly claim the invention as required by the second paragraph of section 112, which renders the claim invalid for indefiniteness." *Id.* (citation and quotations omitted).

"In cases involving a computer-implemented invention in which the inventor has invoked means-plus-function claiming, [the Federal Circuit] has consistently required that the structure disclosed in the specification be more than simply a general purpose computer or microprocessor." *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1333 (Fed. Cir. 2008). "Because general purpose computers can be programmed to perform very different tasks in very different ways, simply disclosing a computer as the structure designated to

perform a particular function does not limit the scope of the claim to 'the corresponding structure, material, or acts' that perform the function, as required by section 112 paragraph 6." *Id.* "[T]he [required] corresponding structure for a § 112 ¶ 6 claim for a computer-implemented function is the algorithm disclosed in the specification." *Id.* (quotations omitted).

In *Aristocrat*, the plaintiff argued that, by noting that "appropriate programming" could be done in order to accomplish the specified functions, it satisfied the definiteness requirement, as one of ordinary skill in the art could have created the claimed invention based on the specification. *Id.* at 1336. The Federal Circuit explained that this argument conflated the enablement requirement with the definiteness requirement, stating that for the latter, "[w]hether the disclosure would enable one of ordinary skill in the art to make and use the invention is not at issue." *Id.* The court recognized that "the sufficiency of the disclosure of algorithmic structure must be judged in light of what one of ordinary skill in the art would understand the disclosure to impart," but held that "[t]hat principle . . . has no application [where] there [is] no algorithm at all disclosed in the specification." *Id.* at 1337. In other words, "[t]he question thus is not whether the algorithm that was disclosed was described with sufficient specificity, but whether an algorithm was disclosed at all." *Id.* In addition, the algorithm must be disclosed with sufficient specificity that it conveys "how the function is performed" and not simply the "outcome of performing the function." *Id.* at 1334.

Under *Aristocrat Technologies* and similar cases, the question of whether the specification discloses any algorithm is determinative of this motion. The specification of the asserted Patent does not disclose any algorithm, let alone an algorithm that corresponds to the functional claim language. The Patent is therefore invalid.

As noted above, independent claims 1 and 11 both include a means-plus-function limitation reciting a "means for capturing a desired multi-digit jump code assigned to [a] preselected Internet location."[1] This means-plus-function limitation is necessarily a requirement of the dependent claims. *See Edward Lifesciences LLC v. Cook Inc.*, 582 F.3d 1322, 1325 n.2 (Fed. Cir. 2009). In addition, claim 1 and its dependent claims include several other functional limitations claimed using the standard "means" language. However, the specification offers no algorithmic structure for these functional limitations, instead simply referring to "software" or software with functional capabilities.[2] This does not come close to satisfying the requirement of disclosing an actual algorithm as a matter of law.

In its claim construction brief in the prior case asserting the '835 Patent, IMC identified the structure corresponding to the claimed "capturing means" as "a computer programmed to capture a desired multi-digit jump code through the use of an on-screen HTML box or form or their equivalents." D.I. 135 at 15 in *Internet Media Corp. v. Dell, Inc.*, No. 05-cv-633-SLR (D. Del. Jan. 14, 2009). IMC could not point to any algorithm for performing the recited function – and simply referred to an appropriately programmed computer, which is clearly insufficient to support the means-plus-function claiming as a matter of law. Indeed, the *Aristocrat* court specifically rejected the argument that "a microprocessor with 'appropriate programming' is a sufficient disclosure of structure for means-plus-function purposes." 521 F.3d at 1336.

---

[1] "A claim element that contains the word 'means' and recites a function is presumed to be drafted in means-plus-function format under 35 U.S.C. § 112 ¶ 6." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1366 (Fed. Cir. 2008).

[2] *See* Patent Col. 4:60-62 (simply referring to "software"); Col. 5:46-49 ("software which is capable of accepting a four-digit jump code, looking up the corresponding URL fort the Web site denoted by that jump code in a stored data base, and then for immediately and automatically accessing that URL or Web site"); Col. 7:6-9 ("The software program searches through its database of URLs, and finds the URL which is linked to the input jump code. The software then links the use either directly to the desired Web site, or alternatively, first to a brief written review of the Web site.").

Courts have consistently rejected claims for just this reason. In *Aristocrat*, the court rejected a claim because the structure asserted by the plaintiff was simply a recitation of the function to be performed – paying out a prize when a winning combination is displayed – and an equation describing the result of the function. 521 F.3d at 1334. Similarly, in *Blackboard, Inc. v. Desire2Learn, Inc.*, the Federal Circuit held that the following description in the patent specification of an "access control manager" was insufficient:

> [T]he access control manager assigns an access and control level for the quiz file based on a user's course role by creating an access control list. The access control list created by the access control manager associates user roles with the levels for course data files. For example, it might provide that teachers can create, view, and edit a quiz, while students can only submit a completed quiz.

574 F.3d 1371, 1382-83 (Fed. Cir. 2009). The court explained that this language "is not a description of structure" but rather "an abstraction that describes the function of controlling access to course materials, which is performed by some undefined component of the system." *Id.* at 1383-85 (citing *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359 (Fed. Cir. 2008) (holding that the disclosure of a "bank computer" as performing a specified function was insufficient, as no actual algorithm was disclosed)).

Numerous other cases held that computer-implemented means-plus-function claims are invalid under § 112(2) where the specification does not disclose any algorithm for performing the function recited in the claim. *See, e.g., Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1340-41 (Fed. Cir. 2008) (stating that "[s]imply reciting 'software' without providing some detail about the means to accomplish the function is not enough" and finding patent indefinite where the specification disclosed software that "generates a hierarchical set of indices referencing all the data in the information database . . . and embeds those indices in the information database" because no algorithm was disclosed); *Voter Verified, Inc. v. Election Sys.*

*& Software, Inc.*, No. 6:09-cv-1969-Orl-19KRS, 2010 WL 3894054, at *19 (M.D. Fla. Sept. 29, 2010) ("Because the specification fails to disclose such an algorithm or any class of algorithms for performing the claimed function of tabulating votes stored in the computer, claim 94 of the '449 patent fails to disclose a sufficient structure corresponding to the claimed function, rendering the claim invalid as indefinite.").

This Court has applied this principle in at least two cases. *See Inventio AG v. ThyssenKrupp Elevator Ams. Corp.*, 718 F. Supp. 2d 529, 560 (D. Del. June 15, 2010) (explaining that "it is insufficient for the patentee to merely point to a 'computer' or 'microprocessor,' rather it is necessary that the particular algorithms that carry out the claimed function be disclosed in order to fulfill the 'structure' requirement under § 112, ¶ 6" and holding term indefinite because "neither the 'computer program product' nor the underlying algorithm used to perform the optimization process is disclosed in the specification"); *Flash Seats, LLC v. Paciolan, Inc.*, No. 07-575-JJF, 2010 WL 184080, at *15-*16 (D. Del. Jan. 19, 2010) (finding no supporting structure where "testimony, if accepted, confirms only that the specification discloses software tools that can be used to implement algorithms that carry out the claimed functions [but] . . . fails to identify any actual algorithm for carrying out the claimed functions").

In short, the Patent at issue contains clear means-plus-function claiming relating to a computer-implemented invention without disclosing in the specification any algorithm whatsoever corresponding to the function and is therefore invalid on its face.

## **CONCLUSION**

For the reasons stated above, the Chronicle respectfully requests that the Court grant its motion to dismiss the complaint.

                                          ASHBY & GEDDES

                                          */s/ Steven J. Balick*

                                          _____
                                          Steven J. Balick (I.D. #2114)
                                          Lauren E. Maguire (#4261)
                                          Caroline Hong (I.D. #5189)

*Of Counsel*:                             500 Delaware Avenue, 8th Floor
                                          P.O. Box 1150
Ravi V. Sitwala                        Wilmington, DE  19899
The Hearst Corporation            (302) 654-1888
Office of General Counsel          sbalick@ashby-geddes.com
300 West 57th Street               lmaguire@ashby-geddes.com
New York, New York  10019      chong@ashby-geddes.com

Eugene M. Gelernter              *Attorneys for Defendant*
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

Dated:  December 7, 2010