**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNET MEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  10-690-SLR |
| | ) | |
| HEARST NEWSPAPERS, LLC d/b/a | ) | |
| HOUSTON CHRONICLE & HOUSTON | ) | |
| CHRONICLE PUBLISHING COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

YOUNG CONAWAY STARGATT & TAYLOR LLP
Karen L. Pascale (#2903)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
kpascale@ycst.com

*Of Counsel:*

Timothy J. Haller
Anna B. Folgers
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602-4515
Telephone: (312) 236-0733

*Attorneys for Plaintiff,
Internet Media Corporation*

January 13, 2011

# TABLE OF CONTENTS

I.      INTRODUCTION AND RELEVANT BACKGROUND ................................................. 1

II.     APPLICABLE LEGAL STANDARD ........................................................................ 1

      A.      Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) .................................................. 1

      B.      Means-Plus-Function Claims Under 35 U.S.C. §112 ¶6 ....................................... 2

III.    ARGUMENT ................................................................................................................ 3

      A.      Indefiniteness Is a Matter of Claim Construction and Not Amenable to a
           Motion to Dismiss ................................................................................................... 3

      B.      Case Law Makes Clear That This Issue is Not Amenable to a Motion to
           Dismiss and the One Extra-Jurisdictional Case Cited By Defendant Does
           Not Show Otherwise ................................................................................................ 5

IV.     IN ANY EVENT, SUFFICIENT STRUCTURE CORRESPONDING TO EACH
      MEANS-PLUS-FUNCTION LIMITATION IS DISCLOSED IN THE
      SPECIFICATION ........................................................................................................ 9

V.      CONCLUSION ........................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

CASES

Aristocrat Tech's. Australia PTY Ltd. v. Int'l Game Tech'y,
   521 F.3d 1328 (Fed. Cir. 2008)............................................................................9, 10

Applied Med. Res. Corp. v. U.S. Surgical Corp.,
   448 F.3d 1324 (Fed. Cir. 2006) ...........................................................................2, 5

Atmel Corp. v. Information Storage Devices, Inc.,
   198 F.3d 1374 (Fed. Cir. 1999) ...........................................................................4, 5

Bird Barrier America, Inc. v. Bird-B-Gone, Inc.,
   2010 WL 761241 (C.D. Cal. Mar. 1, 2010) ........................................................7, 8

Cephalon, Inc. v. Watson Pharmaceuticals, Inc.,
   629 F.Supp.2d 338 (D. Del. 2009)........................................................................1, 2

Cima Labs, Inc. v. Actavis Group HF,
   2007 WL 1672229 (D. N.J. Jun. 7, 2007)............................................................6, 8

Cordis Corp. v. Boston Scientific Corp.,
   561 F.3d 1319 (Fed. Cir.2009)................................................................................4

Deston Therapeutics LLC v. Trigen Laboratories Inc.,723
   F.Supp.2d 665 (D. Del. 2010)...........................................................................3, 6, 8

Enzo Biochem, Inc. v. Applera Corp.,
   599 F.3d 1325 (Fed. Cir. 2010)...............................................................................3

Exxon Research & Eng'g Co. v. United States,
   265 F.3d 1371 (Fed. Cir.2001)................................................................................4

Haemonetics Corp. v. Baxter Healthcare Corp.,
   607 F.3d 776 (Fed. Cir. 2010)................................................................................4

In re Burlington Coat Factory Securities Litigation,
   114 F.3d 1410 (3d Cir. 1997)..................................................................................6

KSR Intern. Co. v. Teleflex Inc.,
   550 U.S. 398 (2007)................................................................................................2

Markman v. Westview Instruments, Inc.,
   52 F.3d 967 (Fed. Cir. 1995) (en banc), aff'd 517 U.S. 370 (1996) .........................4

Phillips v. AWH Corp.,
   415 F.3d 1303 (Fed. Cir.2005)...............................................................................5

Power-One, Inc. v. Artesyn Technologies, Inc.,
  599 F.3d 1343 (Fed. Cir. 2010)...................................................................5

Praxair, Inc. v. ATMI, Inc.,
  543 F.3d 1306 (Fed. Cir. 2008)...................................................................4

Schreiber v. Eli Lilly and Co.,
  2006 WL 782441 (E.D. Pa. Mar. 27, 2006)................................................2

Sundance, Inc. v. DeMonte Fabricating Ltd.,
  550 F.3d 1356 (Fed. Cir. 2008).............................................................10, 11

Technology Patents, LLC v. Deutsche Telekom AG,
  573 F.Supp.2d 903 (D. Md. 2008) .........................................................7, 8

Telcordia Technologies, Inc. v. Cisco Systems, Inc.,
  612 F.3d 1365 (Fed. Cir. 2010)...................................................................3

Ultramercial, LLC v. Hulu,
  LLC, 2010 WL 3360098 (C.D. Cal. Aug. 13, 2010) ................................8

Yangaroo Inc. v. Destiny Media Techs., Inc.,
  2009 WL 2836643 (E.D. Wis. August 31, 2009) ..................................6, 8

## STATUTES

35 U.S.C. 154(d)(2) ......................................................................................7

35 U.S.C. §112 ¶6.......................................................................................2, 4

35 U.S.C. § 282............................................................................................2

## OTHER AUTHORITIES

Fed.R.Civ.P. 12(b)(6)...............................................................................1, 6, 7

I.    INTRODUCTION AND RELEVANT BACKGROUND

While Defendant's motion is entitled "motion to dismiss," it is anything but.  Instead, it is an improper motion for summary judgment of invalidity disguised as a motion to dismiss that was prematurely filed at the pleadings stage of this litigation.   Defendant in its own memorandum admits that patent defenses are not susceptible to resolution on a motion to dismiss (Def. Brief, p. 1), yet Defendant proceeds to argue that this case is somehow "uniquely suited" for this type of resolution.

This argument is disingenuous at best.  Defendant alleges that the patent-in-suit is invalid due to indefiniteness because the specification fails to disclose an algorithm corresponding to its means-plus-function claims.   Invalidity due to indefiniteness is intimately tied to the claim construction process and cannot be determined at this stage in the litigation.  Defendant should not be allowed to bootstrap into a motion to dismiss arguments that are properly the subject of a motion for summary judgment.  For these and the foregoing reasons, Defendant's motion should be denied.

II.   APPLICABLE LEGAL STANDARD

A.    Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

"In reviewing a motion filed under Rule 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." Cephalon, Inc. v. Watson Pharmaceuticals, Inc., 629 F.Supp.2d 338, 346 (D. Del. 2009) (Judge Robinson).   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)).   A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at

1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959.

In patent infringement cases, "[t]he Federal Circuit has held that, in order to survive a motion to dismiss, a 'patentee need only plead facts sufficient to place the alleged infringer on notice." Schreiber v. Eli Lilly and Co., 2006 WL 782441, *4 (E.D. Pa. Mar. 27, 2006) (citing Phonometrics, Inc. v. Hospitality Franchise Systems, Inc., 203 F.3d 790, 794 (Fed. Cir. 2000)). Here, Defendant challenges the validity of the patent-in-suit in the context of a motion to dismiss rather than the proper legal mechanism, a motion for summary jud.  As such, Internet Media finds itself in the odd position of defending against something it need not in its complaint plead: that the patent-in-suit is valid.  "By direction of 35 U.S.C. § 282, an issued patent is presumed valid." KSR Intern. Co. v. Teleflex Inc., 550 U.S. 398, 412 (2007).  In any event, Internet Media has met its burden to plead sufficient facts to place Defendant on notice of its infringement.

### B.    Means-Plus-Function Claims Under 35 U.S.C. §112 ¶6

A means-plus-function claim limitation "shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof."  35 U.S.C. § 112 ¶ 6.  In order to prove literal infringement of a means-plus-function claim, the plaintiff must show that the accused device performs the recited function through structure that is the same as or equivalent to the corresponding structure set forth in the specification.  Id.  In construing a means-plus-function claim, the district court must first determine the claimed function and then identify the corresponding structure in the written description of the patent that performs that function.  Applied Med. Res. Corp. v. U.S. Surgical Corp., 448 F.3d 1324, 1332 (Fed. Cir. 2006).

Section § 112, ¶ 2 of Title 35 provides that "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  This is referred to as the "definiteness requirement."  For a

means-plus-function claim to satisfy the definiteness requirement, the written description must clearly link or associate structure to the claimed function. Telcordia Technologies, Inc. v. Cisco Systems, Inc., 612 F.3d 1365, 1376 (Fed. Cir. 2010) (citing Biomedino, LLC v. Waters Techs. Corp., 490 F.3d 946, 950 (Fed. Cir. 2007)). Whether the written description adequately sets forth the structure corresponding to the claimed function must be considered from the perspective of a person skilled in the art. Id. (citing Intel Corp. v. VIA Techs., Inc., 319 F.3d 1357, 1365-66 (Fed. Cir. 2003)). Most importantly for the instant case: "A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as a construer of patent claims." Id. (citing Personalized Media Comm's, L.L.C. v. Int'l Trade Comm'n, 161 F.3d 696, 705 (Fed. Cir.1998) (emphasis added)).

## III.   ARGUMENT

### A.   Indefiniteness Is a Matter of Claim Construction and Not Amenable to a Motion to Dismiss

"To resolve an allegation of patent infringement, the court must first interpret the claim and determine the scope and meaning of the asserted patent claims, and then compare the properly construed claims to the allegedly infringing devices." Deston Therapeutics LLC v. Trigen Laboratories Inc.,723 F.Supp.2d 665, 670 (D. Del. 2010) (citing Liquid Dynamics Corp. v. Vaughan Co., 355 F.3d 1361, 1367 (Fed. Cir. 2004)). As this Court explained in Deston, 723 F.Supp.2d at 670, "[w]hile it is true that claim construction is a matter of law to be determined by the Court, the process for properly construing a patent claim is unsuited for a motion to dismiss."

Indefiniteness is necessarily a matter of claim construction. As the Federal Circuit has held, "indefiniteness requires a determination of whether those skilled in the art would understand what is claimed. To make that determination, we have explained that '[i]n the face of an allegation of indefiniteness, general principles of claim construction apply.'" Enzo Biochem, Inc. v. Applera Corp., 599 F.3d 1325, 1333 (Fed. Cir. 2010) (citing Young v. Lumenis, Inc., 492

F.3d 1336, 1347 (Fed. Cir.2007)); see also Cordis Corp. v. Boston Scientific Corp., 561 F.3d

1319 (Fed. Cir. 2009) ("[i]ndefiniteness is an issue of patent claim construction and a question of

law that we review de novo"); Praxair, Inc. v. ATMI, Inc., 543 F.3d 1306, 1319 (Fed. Cir. 2008)

("[i]ndefiniteness is a matter of claim construction, and the same principles that generally govern

claim construction are applicable to determining whether allegedly indefinite claim language is

subject to construction").   It is a basic tenant of patent law, that claim construction is an issue of

law for the Court to determine after the parties have had the opportunity to fully brief the issues.

Markman v. Westview Instruments, Inc., 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), aff'd

517 U.S. 370 (1996).

Furthermore, proof of indefiniteness must meet "an exacting standard."   Haemonetics

Corp. v. Baxter Healthcare Corp., 607 F.3d 776, 783 (Fed. Cir. 2010) (citing Halliburton Energy

Servs., Inc. v. M-I LLC, 514 F.3d 1244, 1249 (Fed. Cir. 2008)).   Thus, "[o]nly claims 'not

amenable to construction' or 'insolubly ambiguous' are indefinite."   Id.   As the court explained in

Haemonetics:

> A claim is not indefinite merely because parties disagree concerning its construction.  An
> accused infringer must thus demonstrate by clear and convincing evidence that one of
> ordinary skill in the relevant art could not discern the boundaries of the claim based on
> the claim language, the specification, the prosecution history, and the knowledge in the
> relevant art.

Id.; see also 35 U.S.C. § 112 ¶ 6, [m]eans-plus-function claim limitations "shall be

construed to cover the corresponding structure, material, or acts described in the specification

and equivalents thereof"; see also Atmel Corp. v. Information Storage Devices, Inc., 198 F.3d

1374, 1380 (Fed. Cir. 1999) ("[i]nterpretation of what is disclosed must be made in light of the

knowledge of one skilled in the art") (emphasis added)).   Even further, "a claim is not indefinite

merely because it poses a difficult issue of claim construction." Exxon Research & Eng'g Co. v.

United States, 265 F.3d 1371, 1375 (Fed. Cir. 2001).   Rather, "if the meaning of the claim is

discernible, even though the task may be formidable and the conclusions may be one over which

reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds." Id. at 1373; see also Power-One, Inc. v. Artesyn Technologies, Inc., 599 F.3d 1343, 1350 (Fed. Cir. 2010). Accordingly, not only is the issue of indefiniteness a matter of claim construction, but a challenger must meet an exacting standard and prove by clear and convincing evidence that one of ordinary skill in the art could not discern the meaning of the claims based on intrinsic and extrinsic evidence.

Contrary to what Defendant asserts in its Opening Brief (D.I. 8), when a court performs a claim construction analysis, it may use both intrinsic evidence such as the patent claims, specification, and prosecution history and, if it is helpful to understand the patent or resolve an ambiguity, extrinsic evidence such as expert and inventor testimony, dictionaries, and learned treatises. Phillips v. AWH Corp., 415 F.3d 1303, 1317-18 (Fed. Cir.2005). In this case, it is for the Court to determine, following the guidelines of Phillips and after being presented with each party's briefs, the meaning of the means-plus-function terms of the patent-in-suit in the context of the patent in suit.

It is also well established that the determination of whether a claim is invalid as indefinite "depends on whether those skilled in the art would understand the scope of the claim when read in light of the specification." Atmel Corp. v. Information Storage Devices, Inc., 198 F.3d 1374, 1378 (Fed. Cir. 1999). Yet, Defendant makes no effort to define who is a person of ordinary skill in the art or how they would understand the scope of the claims.

**B.**   **Case Law Makes Clear That This Issue is Not Amenable to a Motion to Dismiss and the One Extra-Jurisdictional Case Cited By Defendant Does Not Show Otherwise**

The district courts throughout the country have consistently held that where an issue intimately tied to the claim construction process is the subject of a motion to dismiss, that motion must be denied. The reason for this is simple: claim construction is an issue of law for the judge to decide with the full benefit of the extrinsic **and** intrinsic record and the court on a motion to

dismiss may only consider the pleadings.  In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997) (as a general matter, matters extraneous to the pleadings may not be considered on a 12(b)(6) motion to dismiss); see also Deston, 723 F.Supp.2d at 670 – 671. As Judge Simandle explained in Deston:

> As a consequence, many courts in this circuit and elsewhere have declined to construe patent claims on a motion to dismiss …[listing cases] … The Court will follow this lengthy line of case and conclude that claim construction is not appropriate upon the present record of this Rule 12(b)(6) motion.
>
> In light of the jurisprudence holding that claim construction is generally not appropriate on a motion to dismiss, the ambiguity and possible conflict between the plain language of the patent claims and the specifications, and the fact that Plaintiffs have not resolved these issues in their complaint, the Court will decline to engage in patent claim construction or find as a matter of law that Defendants' [don't infringe].

Deston, 723 F.Supp.2d at 671 – 672.  The Deston court proceeded to deny Defendants' motion to dismiss for non-infringement.

In Cima Labs, Inc. v. Actavis Group HF, 2007 WL 1672229 (D. N.J. Jun. 7, 2007), the court was faced with an almost identical issue.  The defendant filed a motion to dismiss for non-infringement and argued that the claims of the patent were limited in scope, which excluded the accused devices.  To the court, this clearly concerned defendant's interpretation of the claims of the patent-in-suit.  In denying the defendant's motion to dismiss, the court stated "the proper time for this Court to address claim construction is not on a motion to dismiss." Id. at *4.

Similarly, in Yangaroo Inc. v. Destiny Media Techs., Inc., 2009 WL 2836643, (E.D. Wis. August 31, 2009), the defendant filed a motion to dismiss and argued that the patent at issue required multiple users to perform the process, and that plaintiff had not properly alleged facts demonstrating direct or joint infringement.  The district court found that dispute must be resolved in claim construction, and not on a motion to dismiss.  In denying the defendant's motion, the court stated:

> I find that Yangraroo has the better argument, at least at this stage in the litigation.  In order to test the sufficiency of the allegation of infringement found in the complaint, the

Court must first construe the patent claim to determine whether the claim requires an allegation of joint infringement.  While claim construction is a matter of law involving a determination of the "meaning and the scope of the patent claims asserted to be infringed, through a consideration of sources intrinsic to the claim, such as the claim itself, the specification, and the prosecution history, 'the proper time for this Court to address claim construction is not on a motion to dismiss.'

Id. at *3 (citations omitted).

In yet another case, Bird Barrier America, Inc. v. Bird-B-Gone, Inc., 2010 WL 761241 (C.D. Cal. Mar. 1, 2010), the defendant brought a motion to dismiss plaintiff's claim for pre-issuance damages in its complaint for patent infringement.  The patent statute provides that a reasonable royalty damages award is unavailable "unless the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application." 35 U.S.C. 154(d)(2).  Thus, at issue was the parties' interpretation of the claims in the patent-in-suit's application and the claims of the patent-in-suit.  In denying the defendant's motion to dismiss, the court explained:

> Although claim construction is a matter of law for the Court to decide, claim construction is inappropriate at this stage in the litigation.  The proper time for this Court to address claim construction is not a motion to dismiss.
>
> The parties will have the opportunity to present evidence, both intrinsic and extrinsic, of their preferred claim constructions at summary judgment.

Bird Barrier America, Inc., 2010 WL 761241 at *3 (C.D. Cal. Mar. 1, 2010).

In Technology Patents, LLC v. Deutsche Telekom AG, 573 F.Supp.2d 903 (D. Md. 2008), the defendant filed a motion to dismiss and argued that the claims of the patent-in-suit involved steps in multiple countries.  The court found that the resolution of this issue necessarily involved a construction of the meaning of claim terms and the court went on to explain the "usual procedure" for resolving such issues:

> While it is indisputable that claim construction is a matter of law reserved for the court, the usual procedure is for the parties to move for a Markman claim construction hearing and to submit briefs solely addressing the claim construction issues.  The parties have not moved for a hearing in this case, choosing instead to intermingle construction arguments with their other Rule 12(b)(6) assertions.

He is the

As suggested by the law governing claim construction analysis, the necessary inquires are of the kind not appropriate for the motion to dismiss stage.

[P]iecemeal arguments raised in various briefs have not afforded the parties a proper opportunity to assert their arguments in a coherent and complete fashion … the better approach is to have the claim construction issues fully briefed and presented to the court at a later date.

Technology Patents, LLC, 573 F.Supp.2d at 919 – 920.

The one case that Defendant cites to support its position is inapposite and is also not binding precedent on this court.  In Ultramercial, LLC v. Hulu, LLC, 2010 WL 3360098 (C.D. Cal. Aug. 13, 2010), the case was stayed pending a Supreme Court decision concerning the application of the "machine-or-transformation test."  When the Supreme Court issued its opinion, it marked a departure from previous case law.  After this case came down, the court in Ultramercial ruled on Defendant's motion to dismiss.  Accordingly, the arrival of a new interpretation of the law led the court to rule on the motion to dismiss because upon review of the Supreme Court's decision it became clear that the patent lacked patentable subject matter.

In this case, there is no new law that Defendant bases its motion on.  In any event, as outlined above, this district court and other district courts have consistently ruled differently.

In sum, Internet Media should also be afforded the opportunity to fully brief this issue in its proper procedural context as were the plaintiffs in Deston, Yangaroo, Cima, Bird Barrier, and Technology Patents.  Indefiniteness is a claim construction issue and it is clear that a matter of claim construction cannot be decided on a motion to dismiss.  Accordingly, the Court must determine the question of invalidity in its proper place and time in this litigation: after it has conducted a claim construction analysis that has considered both the intrinsic and extrinsic record, the parties' briefings and supporting evidence at the summary judgment stage.

## IV.    IN ANY EVENT, SUFFICIENT STRUCTURE CORRESPONDING TO EACH MEANS-PLUS-FUNCTION LIMITATION IS DISCLOSED IN THE SPECIFICATION

Even if it were necessary to reach the underlying question that is the subject of Defendant's motion, it is easily shown that sufficient structure corresponding to each means-plus-function limitation is disclosed in the specification of the patent-in-suit.   Contrary to Defendant's assertions, much more than a "general purpose computer" or "microprocessor" is disclosed in the specification.  Furthermore, no mathematical formula, source code or algorithm needs to be disclosed where, as here, the specific steps which a software application must perform to achieve the resulting function is specifically detailed in the specification.

Defendant includes only an analysis of one means-plus-function element ("means for capturing"). Although it is unclear from Defendant's brief, there are five.  Internet Media posits that the only means-plus-function elements that could be contested under the <u>Aristocrat</u> decision are the last three elements.   Accordingly, Internet Media addresses these three means-plus-function elements in the body of this response ("Elements 3, 4 and 5").  However, to aid the Court in identifying all the means-plus-function limitations in Claim 1 of the patent-in-suit, a chart attached as Exhibit A.  This chart sets forth each limitation, their corresponding functions and their corresponding structures, including specific citations to the specification as to where this structure is disclosed.[1]

As shown above, much more than a "general purpose computer running appropriate application software thereon" is disclosed.  In <u>Aristocrat Tech's. Australia PTY Ltd.</u> v. <u>Int'l Game Tech'y</u>, 521 F.3d 1328, 1333 (Fed. Cir. 2008), the Federal Circuit explained "[i]n cases involving a computer-implemented invention in which the inventor has invoked menas-

---

[1]  Internet Media reserves the right to modify and/or supplement the preliminary claim construction positions in Exhibit A as fact and expert discovery progresses and if and when new information becomes available and/or the claims are construed by this Court or another court.

plus0function claiming, this court has consistently required that the structure disclosed in the specification be more than simply a general purpose computer or microprocessor." Because "a general purpose computer[] can be programmed to perform very different tasks in very different ways, simply disclosing a computer as the structure" is not sufficient to meet the requirements of 35 U.S.C. §112 ¶ 6. Id. at 1333. The Court further explained that the structure must not simply "describe the outcome" or function, but it must "described the means for achieving that outcome." Id. at 1334.

In this case, the proposed structure for means-plus-function Elements 3, 4 and 5 of Claim 1, is the software running on web server which is programmed to perform the receiving, converting and automatically accessing functions. Claim 1 and the specification specifically include the steps that the software must take in order to effectuate each claimed function. In this manner, it is not simply a computer that is programmed "so that it performs the function in question." Instead, the specification specifically outlines the steps which must be performed by the software in order to achieve the result and as such, is not simply a description of the result or outcome. The mandates of Aristocrat are clearly met here.

Finally, the court also instructed that "the inquiry is whether one of skill in the art would understand the specification itself to disclose a structure, not simply whether that person would be capable of implementing that structure." Id. at 1337. And, there is no "need for a disclosure of the specific program code if software were linked," as it is here "to the … function and one skilled in the art would know the kind of program to use." Id. at 1337. In this case, a person of ordinary skill in the art would understand that any commonly available web server software, or scripting language, could be used, such as PEARL, among others, to effectuate the functions of the means-plus-function Elements 3, 4 and 5 of Claim 1. While Defendant offers little more than attorney argument in its memorandum, which is a wholly improper substitute for testimony from a qualified person of skill in the art, Sundance, Inc. v. DeMonte Fabricating Ltd., 550 F.3d 1356,

1362 (Fed. Cir. 2008) ("[u]nless a patent lawyer is also a qualified technical expert, his testimony on [validity issues] is improper and thus inadmissible"), Internet Media is prepared to immediately submit to the court an affidavit of a person of ordinary skill in the art stating that sufficient structure is disclosed in the specification should the court have interest in obtaining evidence on this issue outside the four corners of the patent-in-suit.

In sum, not only is Defendant's motion not the proper procedural vehicle for challenging the validity of the patent-in-suit due to indefiniteness, but the substantive argument underlying Defendant's motion is one which is easily addressed – and easily dismissed.

## V.    CONCLUSION

WHEREFORE, for the foregoing reasons, Internet Media respectfully requests that this Court deny Defendant's Motion to Dismiss.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

January 13, 2011

Karen L. Pascale (#2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

- and -

Timothy J. Haller
Anna B. Folgers
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602-4515
Telephone: (312) 236-0733

*Attorneys for Plaintiff,*
*Internet Media Corporation*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on January 13, 2011, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick [sbalick@ashby-geddes.com]
> Lauren E. Maguire [lmaguire@ashby-geddes.com]
> Caroline Hong [chong@ashby-geddes.com]
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on January 13, 2011, I caused a copy of the foregoing document to be served by *E-Mail* on the above-listed counsel and on the following non-registered participants in the manner indicated:

> ### *By E-Mail*
>
> Ravi V. Sitwala [rsitwala@hearst.com]
> The Hearst Corporation
> Office of General Counsel
> 300 West 57th Street
> New York, NY 10019
>
> Eugene M. Gelernter [emgelernter@pbwt.com]
> PATTERSON, BELKNAP, WEBB & TYLER, LLP
> 1133 Avenue of the Americas, 20th Floor
> New York, NY 10036

> YOUNG CONAWAY STARGATT & TAYLOR LLP
>
> */s/ Karen L. Pascale*
> _____
> Karen L. Pascale (No. 2903)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> kpascale@ycst.com
> *Attorneys for Plaintiff,*
> *Internet Media Corporation*