IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNET MEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-690-SLR |
| | ) | |
| HEARST NEWSPAPERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 28th day of June, 2011, having considered defendant Hearst Newspapers, LLC's ("defendant") motion to dismiss for failure to state a claim, as well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 7) is denied, as follows:

1. **Introduction.** Plaintiff Internet Media Corporation ("plaintiff") filed the present patent litigation on August 16, 2010, seeking damages for defendants' alleged infringement of United States Patent No. 6,049,835, entitled "System for Providing Easy Access to the World Wide Web Utilizing a Published List of Preselected Internet Locations Together With Their Unique Multi-Digit Jump Codes" ("the '835 patent"). (D.I. 1) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. **Background.** The '835 patent issued to Eric F. Gagon on April 11, 2000 ('835 patent at [75]), and was subsequently assigned to Minkus Electronic Display

Systems on June 7, 2010. (*Id.* at [73]) Claim 1 of the '835 patent, the only asserted claim, reads as follows:

> A system for providing automatic access to preselected locations on the Internet, comprising:
> a published complication of preselected Internet locations, said published compilation including a unique predetermined multi-digit jump code assigned to each of said preselected internet locations published therein;
> a predetermined published Internet location having an address published in said published compilation, said predetermined published Internet location including means for capturing a desired multi-digit jump code assigned to each preselected Internet location including means for capturing a desired multi-digit jump code assigned to each preselected Internet location after said multi-digit jump code has been entered by a user after accessing said predetermined published Internet location;
> means for accessing said predetermined published Internet location;
> means for receiving said desired multi-digit jump code from said means for capturing and means for converting said received multi-digit jump code to a URL address corresponding to the desired preselected Internet location; and
> means for automatically accessing said desired preselected Internet location using said URL address corresponding to said desired preselected Internet location, whereby said user need only enter said desired multi-digit jump code to access a desired preselected internet location without having to enter said corresponding URL address.

(Col. 8:10-39)

3. **Legal standard.** In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . .

2

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1959. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

4. "In reviewing a motion to dismiss, '[c]ourts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'" *Collins & Aikman Corp. v. Stockman*, Civ. No. 07-265-SLR-LPS, 2010 WL 184074 at *3 (D. Del. Jan. 19, 2010) (*quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). "Certain additional materials may also be considered without converting a motion to dismiss into a motion for summary judgment (which generally cannot be ruled upon without providing a plaintiff a reasonable opportunity for discovery)." *Id.* "For instance, 'a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss **if the plaintiff's claims are based on the document**. . . .'" *Id.* (emphasis added) (citations omitted). As the Third Circuit has explained:

> The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond. When a **complaint relies on a document**, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.

*Pension Benefit*, 998 F.2d at 1196-97 (emphasis added). "The facts necessary to establish an affirmative defense must generally come from matters outside of the complaint. Thus, with some exceptions, affirmative defenses should be raised in responsive pleadings, not in pre-answer motions brought under Rule 12(b)." *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 657 (3d Cir. 2003) (citations omitted).

5. **Discussion.** Defendant argues that the court should dismiss plaintiff's complaint for failure to state a claim because the '835 patent is indefinite as a matter of law and, therefore, cannot form the basis for a patent infringement action. (D.I. 8 at 1) Specifically, defendant argues that claim one is a means-plus-function claim relating to the use of computers, thus requiring that the specification disclose an algorithm by which the computer performs the recited function. (*Id.*)

6. Under 35 U.S.C. § 112 ¶ 6, "[a]n element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure . . . in support thereof, and such claim shall be construed to cover the corresponding structure . . . described in the specification and equivalents thereof."

4

7. Indefiniteness is a question of law. *Amgen Inc. v. F. Hoffman-LA Roche Ltd.*, 580 F.3d 1340, 1371 (Fed. Cir. 2009) (citing *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008)). That is, "[a] determination that a patent claim is invalid for failure to meet the definiteness requirement of 35 U.S.C. § 112 [¶ 2] is a legal conclusion that is drawn from the court's performance of its duty as the **construer of patent claims[.]**" *Biomedino, LLC v. Waters Technologies Corp.*, 490 F.3d 946, 949 (Fed. Cir. 2007) (emphasis added) (citation omitted); *see also Exxon Research and Engineering Co. v. U.S.*, 265 F.3d 1371, 1376 (Fed. Cir. 2001) (rejecting argument that underlying questions of fact may preclude summary judgment on indefiniteness, as "a court may consider or reject certain extrinsic evidence in resolving disputes en route to pronouncing the meaning of claim language").

8. Section 112 requires that a patent "shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2. As explained by the Federal Circuit,

> [t]he primary purpose of the definiteness requirement is to ensure that the claims are written in such a way that they give notice to the public of the extent of the legal protection afforded by the patent, so that interested members of the public, e.g., competitors of the patent owner, can determine whether or not they infringe.

*All Dental Prodx, LLC v. Advantage Dental Prods., Inc.*, 309 F.3d 774, 779-80 (Fed. Cir. 2002) (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 28-29 (1997)). In other words,

> [a] patent holder should know what he owns, and the public should know what he does not. For this reason, the patent laws require inventors to describe their work in "full, clear, concise, and exact terms," 35 U.S.C. § 112, as part of the delicate balance the law attempts to maintain between

inventors, who rely on the promise of the law to bring the invention forth, and the public, which should be encouraged to pursue innovations, creations, and new ideas beyond the inventor's exclusive rights.

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 731 (2002).

9. A determination as to whether the definiteness requirement has been met **"requires construction of the claims according to the familiar canons of claim construction."** *All Dental Prodx, LLC,* 309 F.3d at 779-80 (emphasis added). Claims that are not amenable to construction or are insolubly ambiguous are indefinite. *Halliburton Energy Servs., Inc. v. M-I LLC,* 514 F.3d 1244, 1249 (Fed. Cir. 2008). As with every construction issue, the focus of the indefiniteness inquiry is on the meaning that claim terms would have to one of ordinary skill in the art "at the time of the invention, i.e., as of the effective filing date of the patent application." *Phillips,* 415 F.3d at 1313 (citing *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.,* 381 F.3d 1111, 1116 (Fed. Cir. 2004)).

10. Defendant brought its motion under Federal Rule of Civil Procedure 12(b)(6). While the court may properly look at the patent when granting said motion, defendant's motion would require the court to construe said claims, an action that is not appropriate in connection with a motion to dismiss. *Schreiber v. Eli Lilly and Co.,* Civ. No. 05-2616, 2006 WL 782441, at *4 n.10 (E.D. Pa. Mar. 27, 2006); *Progressive Cas. Ins. Co. v. Safeco Ins. Co.,* Civ. No. 10-1370, 2010 WL 4698576, at *4 (N.D. Ohio Nov. 12, 2010).

11. Defendant argues that the court need not construe the asserted claim and must simply look to the specification to see if an algorithm is disclosed. (D.I. 11 at 5-6) The court is unpersuaded. Some degree of claim construction is necessary to

determine if the apparent means-plus-function claim is actually a means-plus-function claim, or if the claim itself recites enough structure to overcome the presumption of 35 U.S.C. § 112 ¶ 6. *TriMed, Inc. v. Stryker Corp.*, 514 F.3d 1256, 1259 (Fed. Cir. 2008) ("If, in addition to the word 'means' and the functional language, the claim recites sufficient structure for performing the described functions in their entirety, the presumption of § 112 ¶ 6 is overcome-the limitation is not a means-plus-function limitation."). Additionally, the court would need to construe the claim in order to determine what algorithm to look for in the specification and what elements are necessary in said algorithm to satisfy § 112 ¶ 6. This is a task that is properly reserved for summary judgment wherein the court has the benefit of a properly developed record.

12. **Conclusion.** For the foregoing reasons, the court denies defendant's motion to dismiss for failure to state a claim.

*[signature]*
United States District Judge