IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNET MEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-690-SLR |
| | ) | |
| HEARST NEWSPAPERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 6th day of September, 2012, having considered Internet

Media Corporation's ("IMC's") motion to dismiss certain of defendant Hearst

Newspapers, LLC d/b/a Houston Chronicle & Houston Chronicle Publishing Company's

("Hearst's") affirmative defenses and counterclaims and the papers submitted therewith;

IT IS ORDERED that said IMC's motion (D.I. 41) is granted in part and denied in

part, as follows.

1. **Background**.  IMC filed the present patent litigation on August 16, 2010,

seeking damages for Hearst's alleged infringement of U.S. Patent No. 6,049,835,

entitled "System for Providing Easy Access to the World Wide Web Utilizing a

Published List of Preselected Internet Locations Together With Their Unique Multi-Digit

Jump Codes" ("the '835 patent").  (D.I. 1)  In lieu of an answer, Hearst filed a motion to

dismiss the complaint on December 7, 1010.  (D.I. 7)  In its motion, Hearst asserted

that no cause of action had been stated insofar as the '835 patent is invalid on its face,

for containing means-plus-function language relating to the use of computers in the

claims and no corresponding disclosure of an algorithm by which the computer performs the related function. (D.I. 8) The court denied Hearst's motion on the basis that some degree of claim construction is necessary, which is more appropriate at the summary judgment (and not motion to dismiss) stage. (D.I. 13)

2. Thereafter, on July 12, 2011, IMC amended its complaint, adding claims of infringement of the '835 patent against additional defendants The McClatchy Company ("McClatchy"), A.H. Belo Corporation ("AHBC"), and Freedom Communications, Inc. ("Freedom"). (D.I. 15) A second amended complaint was filed on September 8, 2011. (D.I. 33) McClatchy, AHBC and Freedom have now been dismissed from the suit. (D.I. 29; D.I. 81; D.I. 84)

3. Hearst answered the second amended complaint on October 3, 2011, asserting affirmative defenses of: (1) failure to state a claim upon which relief may be granted; (2) noninfringement; (3) invalidity; (4) unavailability of damages; (5) estoppel; and (6) "noninfringing uses" for the accused products. (D.I. 40) More specifically, Hearst's third affirmative defense states that "[t]he asserted patent claim [claim 1] is invalid on the grounds that the purported invention fails to meet the conditions for patentability within the meaning of the patent laws, Title 35 § 101 *et seq.*, including, but not limited to, §§ 101, 102, 103 and/or 112." (*Id.* at 3)

4. Hearst also asserts declaratory judgment counterclaims of noninfringement and invalidity. In its "count II," Hearst avers that "[t]he claims of the '835 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including, but not limited to, §§ 101, 102, 103 and 112." (*Id.* at 5) Aside from a brief description of the parties and jurisdictional statement,

2

Hearst has not provided any factual details regarding its claims (or its affirmative defenses) in its responsive pleading.

5. **Standard**. In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed.R.Civ.P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). Such a determination is a

3

context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Hearst does not attempt to argue that it laid out sufficient facts in support of either its affirmative defense or counterclaim of invalidity. Rather, it argues that its affirmative defenses comply with Federal Rule of Civil Procedure 8(c), requiring that a defendant "merely state, not show, an affirmative defense" and, notwithstanding, the court denied a motion to strike a similarly-pled defense in *McKesson Information Solutions, LLC. v. The Trizetto Group, Inc.*, Civ. No. 04-1258, 2005 WL 914776 at *1 (D. Del. Apr. 20, 2005), a pre-*Twombly* and *Iqbal* decision. (D.I. 60 at 5-6) With respect to its counterclaims, Hearst argues only that IMC's twice-amended complaint "fail[s] to provide the level of detail it now demands of [Hearst]," and that IMC will obtain a detailed explanation of its defenses by the completion of expert discovery.[1]   (D.I. 60 at 7)

7. "In the wake of *Twombly* and *Iqbal*, it is clear that a [ ] counterclaim must set forth sufficient facts to give rise to a plausible claim for relief." *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011) (collecting cases); *see also Bayer Cropscience AG v. Dow Agrosciences LLC*, Civ. No. 10-1045-RMB/JS, 2011 WL 6934557, *2 (D. Del. Dec. 30, 2011) ("Counterclaims, in contrast [to affirmative defenses], are ordinarily subject to the demands of *Twombly/Iqbal*"). Hearst does not

---

[1]Expert reports on issues for which the parties have the burden of proof are due October 29, 2012. Rebuttal expert reports are due December 3, 2012. Fact discovery closes, however, on September 21, 2012. (D.I. 51 at 2)   Hearst essentially argues that IMC should learn the true nature of its invalidity case after the close of fact discovery, and that IMC can develop its entire rebuttal case (based upon such unfocused discovery) in the month between expert report deadlines.

attempt to argue that its counterclaim contains such requisite facts. While Hearst takes issue with the quality of IMC's pleading, "[t]wo wrongs do not make a right[,] [and] "[Hearst] will not be permitted to proceed on [an insufficiently pled] theory without stating a valid claim even if [IMC's] pleading may have, itself, been prone to attack." *Tyco*, 777 F. Supp. 2d at 904, 906 (granting motion to dismiss counterclaim with leave to amend); *see also Ferring, B.V. v. Watson Labs., Inc.*, Civ. Nos. 3:11-cv-481, 3:11-cv-485, 3:11-cv-853 & 3:11-cv-854, 2012 WL 607539, *3 (D. Nev. Feb. 24, 2012) (granting motion to dismiss counterclaims reciting "35 U.S.C.§§ 101, 102, 103 and/or 112" with leave to amend "because they do not include any facts whatsoever making invalidity plausible as required by Rule 8(a)").

8. In contrast, "[i]n light of the differences between Rules 8(a) and 8(c) in text and purpose, [ ] *Twombly* and *Iqbal* do not apply to affirmative defenses," which "need not be plausible to survive. [An affirmative defense] must merely provide fair notice of the issue involved." *Tyco*, 777 F. Supp. at 900 (citation omitted); *see also Bayer Cropscience*, 2011 WL 6934557 at *1-2 (articulating nine rationales utilized by courts recognizing a Rule 8(a)/Rule 8(c) distinction). The court declines to strike Hearst's affirmative defenses under the well-articulated rationale of these courts.

9. **Conclusion**. For the foregoing reasons, the court grants IMC's motion to dismiss Hearst's invalidity counterclaims under Rule 12(b)(6), with leave to amend. The court denies IMC's motion to strike Hearst's corresponding affirmative defenses of

invalidity pursuant to Rule 12(f).

United States District Judge